IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACEY REAVIS, | No. 4:20-CV-0895 |
| Plaintiff. | (Judge Brann) |
| v. | |
| LARISSA MARTIN, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 30, 2020

## I. BACKGROUND

Plaintiff Acey Reavis ("Reavis"), a state inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), currently housed at the State Correctional Institution at Greene, Waynesburg, Pennsylvania ("SCI-Greene"), initiated this action in the United States District Court for the Eastern District of Pennsylvania on March 23, 2020.[1] The Eastern District transferred the case to this Court on May 29, 2020.[2]

Presently before the Court is Reavis's third amended complaint.[3] Therein, he alleges that Defendants Larissa Martin ("Martin") and Michelle Blessing ("Blessing"), psychological services specialists treating prisoners at the State

---

[1] Docs. 1, 2.
[2] Docs. 4, 5.
[3] Doc. 24.

Correctional Institution at Coal Township ("SCI-Coal Township"), and Renee Foulds ("Foulds"), a major assigned to SCI-Coal Township, denied him proper mental health treatment, *inter alia*.[4]  As relief, he seeks to be sent to a "D.T.U. or B.M.U program and to be sent to a M.H.U. until a bed open[s] up…and that this be done by November 1, 2020" because he has a maximum release date of June 9, 2021, and he "can't go home without a stable mind state."[5]

Preliminary screening reveals that the third amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   STANDARDS OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."[6]

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7]  In rendering a decision on a motion to dismiss,

---

[4]   *Id.*
[5]   *Id.* at p. 3.
[6]   *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).
[7]   *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under

a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[8] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[9] In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." [10]

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[11] "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and

---

    Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).
[8]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[9]  *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[10] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937."[12] Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

Because Reavis is proceeding *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[14]

### III.  REAVIS'S THIRD AMENDED COMPLAINT

Reavis alleges that from June 2019 until March 10, 2020, Defendants Martin, Blessing, and Foulds, denied him proper mental health treatment, engaged in cruel and unusual punishment, falsified documents, and made racial comments.[15]  As noted *supra*, as relief, he seeks to be transferred to one of three DOC special units: the Diversionary treatment Unit ("DTU"); the Behavior Management Unit ("BMU"); or, the "M.H.U." which, presumably is a Mental Health Unit.[16]

---

[12]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted).
[13]  *Iqbal*, 556 U.S. at 681.
[14]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[15]  Doc. 24, p. 4.
[16]  *Id.* at p. 3.  *See also*, Policy Statement, Commonwealth of Pennsylvania, Department of Corrections, Access to Mental Health Care, Policy Number 13.8.1, Effective Date: December 30, 2019 found at www.cor.pa.gov.

## IV.   DISCUSSION

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit."[17] In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.[18] Further, the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."[19] An "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation.[20]

A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[21] No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights."[22] A prisoner's

---

[17] *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).
[18] *Lewis*, 494 U.S. at 477.
[19] *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original).
[20] *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed' " (quoting *Preiser*, 422 U.S. at 401)).
[21] *Murphy v. Hunt*, 455 U.S. 478, 481, (1982) (per curiam ) (some internal quotation marks omitted).
[22] *Alvarez*, 558 U.S. at 93.

5

transfer from the prison complained of generally moots his claims for prospective injunctive relief.[23]

Reavis seeks injunctive relief in the form of an order requiring Defendants to transfer him to one of several special DOC units. His request for injunctive relief is directed at, and specific to, individuals employed at SCI-Coal Township. This is problematic as he is no longer housed at that institution. He has been transferred to SCI-Greene, which is located in the Western District of Pennsylvania. In this instance, the transfer of Reavis to SCI-Greene renders his request for injunctive relief moot. Because this Court is precluded from issuing an order directing Defendants at SCI-Coal Township to provide him the relief he seeks, the complaint is subject to dismissal.

## V.  LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.[24] Granting Reavis leave to amend would be futile as the relief he seeks is unavailable from these Defendants. Notably, the dismissal will be without prejudice to his right to refile his complaint seeking the

---

[23] *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.") (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981).

[24] *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).

sole remedy of a transfer to a special DOC housing unit from officials at his present place of incarceration or other appropriate DOC officials.

## VI. CONCLUSION

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge